UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JERONIMO MADRIZ-REYNA, ) <br> ) <br> Defendant. ) <br>_____) | No. CR 3-06-70819 BZ <br><br> **DETENTION ORDER** |

    This matter came before the Court on December 29, 2006, for a detention hearing. The defendant, Jeronimo Madriz-Reyna, was present and represented by H. Ernesto Castillo. Assistant United States Attorney Dennis Nerney appeared for the United States of America.

    Pretrial Services submitted a report that recommended detention. Proffers and arguments regarding detention were submitted by the parties at the hearing.

    Having considered the parties' proffers and the Pretrial Services Report, I find that the government has met its burden of showing by a preponderance of the evidence that the defendant is a flight risk, and that no conditions of release will reasonably assure his appearance. In so finding, I have

considered the following factors:

1. Given that defendant faces charges of violating 21 U.S.C. 841(a)(1) and (b)(1)(A)(viii) and 21 U.S.C. 846, it is presumed, subject to rebuttal, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." See 18 U.S.C. §§ 3142(e) & (g)(1). Defendant failed to submit evidence to dispel the presumption as to flight risk.
2. The defendant is charged with offenses that carry substantial minimum and maximum sentences, giving defendant an incentive to flee.
3. Although defendant demonstrated some ties to the community, he maintains substantial ties to Mexico.
4. Defendant's apparent and unexplained wealth suggests he may have the means to finance flight.
5. Defendant's education and employment history suggest that his apparent wealth may be a product of ill-gotten gain.
6. The evidence against him is strong, and given the nature of the offense and his legal status, he may be deported to Mexico if convicted.
7. Defendant's proposal to post a number of properties owned by him and by another individual does not assure me that he will not flee given the limited amount of equity in the properties and given the fact that several are rental properties.

2

Therefore, **IT IS HEREBY ORDERED** that:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for a confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with his counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: January 3, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2006\Madriz-Reyna.wpd